IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

INSTALLED BUILDING PRODUCTS, LLC, :
                                    :
Plaintiff,                          :
                                    :
v.                                  :    Case No. 3:06-CV-5
                                    :
MICHAEL DREIER, ROBERT DREIER, and  :
LEONARD DREIER, III a/k/a BUTCH     :
DREIER,                             :
                                    :
Defendants.                         :
                                    :

## CONSENT INJUNCTION AND ORDER

On Thursday, January 5, 2006, Plaintiff Installed Building Products, LLC ("IBP") filed

its Verified Complaint (the "Complaint") and a Motion for Temporary Restraining Order,

Preliminary Injunction and Expedited Discovery (the "Motion") against Defendants Michael

Dreier ("M. Dreier"), Robert Dreier ("R. Dreier"), and Leonard Dreier, III a/k/a Butch Dreier

("L. Dreier") (collectively, "Defendants"). The Court referred the Motion to the Honorable H.

Bruce Guyton, United States Magistrate Judge, pursuant to 28 U.S.C. section 636(b) and the

Rules of this Court and Judge Guyton scheduled a hearing on the Motion for Tuesday, January

17, 2006.

On January 17, 2006, prior to formally commencing the hearing, the parties and their

counsel discussed this case, the Complaint and the Motion and agreed to the relief set forth

herein.

Defendants acknowledge and represent that they were fully and properly served with the

Summons and Complaint in this case and all further formal service of process is hereby waived.

At the hearing, counsel for M. Dreier tendered documents to counsel for IBP, which M. Dreier represented to be all of the tangible Confidential Information, as defined herein, remaining in his possession custody and control. R. Dreier represented and warranted that he has previously tendered to IBP all of the tangible Confidential Information, as defined herein, remaining in his possession, custody and control. By agreeing to this Consent Injunction, M. Dreier and R. Dreier represent and warrant that they have no further tangible Confidential Information, as defined herein, of IBP in their possession, custody or control.

M. Dreier and R. Dreier also represented and warranted that they have not disclosed any Confidential Information to L. Dreier.

M. Dreier and R. Dreier represented and warranted that they have not previously, in any manner or fashion, provided any information, assistance or consultation to L. Dreier with regard to his current operations and business regarding the Business, as defined herein, and which is in competition with IBP's Knoxville Branch, as defined herein;

Based on the aforementioned representations and warranties and the parties' consent to this Injunction and Order, and having found just cause and good reason for entry of this Order,

THE COURT HEREBY ORDERS AS FOLLOWS:

1.      M. Dreier shall not, during the duration of this Order, directly or indirectly compete with IBP or its affiliates in the business of installing building products (which business shall be deemed to include the installation of insulation and waterproofing materials, gutters, garage doors, fireplaces, closets, shelving, shower enclosures and mirrors) (collectively, the "Business") within a one hundred (100) mile radius of IBP's Knoxville branch, located at 1904 G West Emory Road, Powell, Tennessee 37849 (the "Knoxville Branch"), and will not operate, perform any advisory or consulting services for, invest in (other than in securities of a

publicly traded issuer which does not give Employee control of such entity), or otherwise become employed by or associated with any entity or person which competes with the Business, including, but not limited to, L. Dreier, LED III, or LED III Insulation (collectively, the "L. Dreier Entities"), within a one hundred (100) mile radius of the Knoxville Branch.

2.    M. Dreier shall not, during the duration of this Order, directly or indirectly, in any capacity whatsoever, either for his own account or for any other person or entity, including, but not limited to, the L. Dreier Entities, (i) solicit Business that competes with the IBP's Business from any customer of IBP with whom or which M. Dreier had any contact during his employment with IBP; or (ii) induce or attempt to induce any customer, supplier, licensee, or business relation of IBP or its affiliates to cease doing business with such entity.

3.    M. Dreier shall not, during the duration of this Order, directly or indirectly, in any capacity whatsoever, either for his own account or for any other person or entity, including, but not limited to, the L. Dreier Entities, (i) induce or attempt to induce any employee of IBP or its affiliates to leave the employ of such entity, or (ii) employ, or otherwise engage as an employee, independent contractor, or otherwise, any employee of IBP or its affiliates.

4.    M. Dreier and R. Dreier shall not contact or communicate with any persons or entities known to them to be vendors of IBP for any business or commercial purpose.

5.    (A)    For purposes of this Order, "Confidential Information" means (i) trade secrets concerning the business and affairs of IBP, product specifications, data, know-how, formulae, compositions, processes, designs, sketches, photographs, graphs, drawings, samples, inventions, ideas, past, current and planned research and development, current and planned manufacturing and distribution methods and processes, customer lists, current and anticipated customer requirements, price lists, market studies, business plans, computer software and

programs (including object code and source code), computer software and database technologies, systems, structures and architectures (and related processes, formulae, compositions, improvements, devices, know-how, inventions, discoveries, concepts, ideas, designs, methods and information of IBP or its affiliates), and any other information, however documented, of IBP and its affiliates that is a trade secret within the meaning of applicable state trade secret law; (ii) information concerning the business and affairs of IBP and its affiliates (which includes historical financial statements, financial projections, budgets, historical and projected sales, capital spending budgets and plans, the names and backgrounds of key personnel, personnel training and techniques and materials, however documented); and (iii) any and all notes, analyses, compilations, studies, summaries, and other material prepared by or for IBP and its affiliates containing or based, in whole or in part, on any information included in the foregoing.

(B)     M. Dreier shall not, during the duration of this Order, disclose any of the Confidential Information to any person or entity, including, but not limited to, the L. Dreier Entities, for any reason or purpose whatsoever or make use of any of the Confidential Information for his own purposes or those of another, including, but not limited to, the L. Dreier Entities.

(C)     R. Dreier shall not, during the duration of this Order, without IBP's written consent, disclose any of the Confidential Information to any person or entity, including, but not limited to the L. Dreier Entities, for any reason or purpose whatsoever or make use of any of the Confidential Information for his own purposes or those of another, including, but not limited to, the L. Dreier Entities.

(D)     Further, M. Dreier, who has represented and warranted that he delivered to IBP on January 17, 2006, and R. Dreier, who has represented and warranted that he previously

delivered to IBP, all Confidential Information, whether embodied in computer or paper or other form, that he may have then possessed or had under his control as of the termination of his employment with IBP, shall not share or disclose any Confidential Information, whether intangible or subsequently discovered, with the L. Dreier Entities and, if either M. Dreier or R. Dreier subsequently discover any additional tangible Confidential Information, they shall immediately, but no later than within 48 hours or the next business day, whichever is later, tender the same, and all copies thereof, to counsel for IBP.

6.     R. Dreier shall not, during the duration of this Order, directly or indirectly compete with IBP or its affiliates in the Business within a one hundred fifty (150) mile radius of the Knoxville Branch and will not operate, perform any advisory or consulting services for, invest in (other than in securities of a publicly traded issuer which does not give R. Dreier control of such entity), or otherwise become employed by or associated with any entity or person which competes with the Business, including, but not limited to, L. Dreier, within a one hundred fifty (150) mile radius of the Knoxville Branch.

7.     R. Dreier shall not, during the duration of this Order, directly or indirectly, in any capacity whatsoever, either for his own account or for any other person or entity, including, but not limited to, L. Dreier, (i) solicit Business that competes with the Business of IBP from any customer of IBP or its affiliates with whom or which R. Dreier had any contact during his employment with Dreier Insulation or IBP or its affiliates, or (ii) induce or attempt to induce any customer, supplier, licensee, or business relation of IBP or its affiliates to cease doing business with such entity.

8.     R. Dreier shall not, during the duration of this Order, not directly or indirectly, in any capacity whatsoever, either for his own account or for any other person or entity, including,

but not limited to, L. Dreier, (i) induce or attempt to induce any employee of IBP or its affiliates to leave the employ of such entity, or (ii) employ, or otherwise engage as an employee, independent contractor, or otherwise, any employee of IBP or its affiliates.

9. Nothing herein is intend to, or shall, limit M. Dreier's or R. Dreier's ability to obtain employment with a builder or developer, provided that their employer(s) shall not be an L. Dreier Entity, or any other entity with which L. Dreier is affiliated, and that their prospective employer(s) does not own or operate a building products division that competes with IBP or its Business.

10. L. Dreier shall not operate a business known as, or do any business under the name, "Dreier Insulation" or any similar name. The parties agree that L. Dreier can operate his business under the name "LED III" and/or "LED III Insulation."

11. The L. Dreier Entities shall not accept or use any Confidential Information from either M. Dreier, R. Dreier, or any other current or former employee of IBP.

12. M. Dreier and R. Dreier shall not, in any manner or fashion, provide any information, assistance or consultation to the L. Dreier Entities with regard to his current operations and business regarding the Business and which is in competition with IBP's Knoxville Branch. The L. Dreier Entities, or any other entity with which L. Dreier is affiliated, shall not accept or otherwise utilize any information, assistance, or consultation from M. Dreier or R. Dreier with regard to their current operations and business regarding the Business and which is in competition with IBP's Knoxville Branch.

13. The parties shall not make any oral or written remarks or comments which disparage, or has the effect of damaging the reputation, or otherwise working in any way to the detriment, of any other party.

14. Defendants have until January 30, 2006, to file their answers and affirmative defenses to the Complaint, provided that Defendants shall have until February 28, 2006, to amend their answers to assert any counterclaims against IBP without leave of court.

15. The parties may begin discovery immediately. Defendants shall respond to the written discovery served on them by hand delivery on January 17, 2006, by Monday, January 30, 2006. The parties shall have through and including January 30, 2006, to respond to any other written discovery served prior to January 20, 2006. The parties shall respond to any written discovery served after January 20, 2006, within ten days of service. The parties are hereby authorized to serve written discovery requests on other parties by facsimile. The parties may serve subpoenas on non-parties, effective immediately. Any party that receives any documents in response to a subpoena shall produce copies of such documents to the other parties within three days of the party's receipt of the same. The parties shall exercise their best efforts to coordinate the scheduling of depositions of the parties and any non-parties as promptly as possible, but no later than beginning on February 6, 2006.

16. IBP shall post a bond for this injunctive relief, pursuant to Rule 65 of the Federal Rules of Civil Procedure, in the total amount of $87,500 within five business days of the entry of this Order with the Clerk of Court. IBP's bond shall be maintained in a separate interest bearing account if it is posted in cash or cash equivalent. This Order shall remain in full force and effect during the five business days following the entry of the Order, or until such time as IBP posts the bond to the Clerk of Court, whichever occurs first. Once IBP posts the bond with the Clerk of Court, this Order shall remain in full force an effect until further order of this Court.

Case 3:06-cv-00005 Document 19 Filed 02/02/06 Page 7 of 9 PageID #: 30

17. The parties shall exercise their best efforts to coordinate with this Court

regarding the scheduling of a hearing on IBP's request of a preliminary injunction, following the

expedited discovery agreed to by the parties.

IT IS SO ORDERED, this the _1 31_ day of ~~January~~, 2006 at _11:00_ a.m./~~p.m.~~

_Thomas W. Phillips_

Honorable Thomas W. Phillips
Judge, U.S. District Court, Eastern District of Tennessee

[*Consent Signatures on Following Page.*]

Case 3:06-cv-00005 Document 19 Filed 02/02/06 Page 8 of 9 PageID #: 31

Consented and Agreed to by:

BERMAN FINK VAN HORN P.C.

By: /s/ Benjamin I. Fink (w/permission)
     Benjamin I. Fink
     Georgia Bar No.261090
     (Admitted Pro Hac Vice)

3423 Piedmont Road, N.E.
Suite 200
Atlanta, Georgia 30305
Telephone: (404) 261-7711
Facsimile: (404) 233-1943
bfink@bfvlaw.com

COUNSEL FOR PLAINTIFF
INSTALLED BUILDING PRODUCTS,
LLC

LAW OFFICE OF BURKHALTER,
RAYSON
& ASSOCIATES

By: /s/ Ronald A. Rayson (w/permission)
     Ronald A. Rayson
     BPR # 13393

111 S. Central Street
P.O. Box 2777
Knoxville, Tennessee 37901
Telephone: (865) 524-4974
Facsimile: (865) 524-0172
ron@burkhalterrayson.com

COUNSEL FOR DEFENDANT
LEONARD E. DREIER, III

LAW OFFICES OF BRIAN KINGSLEY
KRUMM

By: /s/ Brian Kingsley Krumm (w/permission)
     Brian Kingsley Krumm
     BPR # 16785

6136 Edmondson Lane
Knoxville, Tennessee 37918
Telephone: (865) 865-2837
Facsimile: (865) 938-4231
krummbrian@msn.com

COUNSEL FOR DEFENDANTS
MICHAEL DREIER AND ROBERT
DREIER