# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **INSTALLED BUILDING PRODUCTS, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:06-cv-05 |
| ) | Phillips |
| **MICHAEL DREIER, ROBERT DREIER,** ) | |
| **LEONARD DREIER, III a/k/a BUTCH** ) | |
| **DREIER,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

The matter before the Court involves a dispute concerning an employment contract. The counter-claim defendant has filed a motion to dismiss [Doc. 62], requesting the Court to dismiss counter-plaintiff's claim for tortious interference with contractual relations, as the action fails to state a claim upon which relief can be granted. The Court has received and considered responsive pleadings. For the reasons that follow, counter-defendant's motion to dismiss [Doc. 62] is **DENIED**.

### I.   Facts

As the law requires, all disputed facts and inferences are resolved most favorably to the counter-plaintiff. Furthermore, the Court merely provides an abridged summary of facts for the purposes of this opinion.

1

On January 6, 2006, Installed Building Products, LLC ("IBP") filed a complaint against brothers, Michael Dreier ("M. Dreier") and Robert Dreier ("R. Dreier"), asserting various claims, which include breach of restrictive covenants contained in employment agreements, tortious interference with IBP's contractual and prospective business relations, wrongful use of IBP's confidential information and trade secrets, infringement on IBP's trade name and unfair competition, and civil conspiracy. The defendants responded to IBP's allegations, as well as asserted a counter-claim of tortious interference with contractual relations against Stan Sparling ("Sparling"), an alleged independent contractor with IBP.

M. Dreier claims that Sparling had improper motive and utilized improper means to intentionally cause a breach of M. Dreier's employment agreement, giving rise to damages suffered by M. Dreier. The record reflects that Sparling indicated to M. Dreier that "he had been asked by Jeff Edwards, to find out 'what the situation was with his brother and how it would affect his job with IBP;'" that M. Dreier advised Sparling that "he had 'nothing to do with his brother's business and intended to continue working with IBP;'" and that Sparling indicated to M. Dreier that "he was responsible for 'getting to the bottom of the situation one way or the other.'"

The argument currently before the Court, as stated in Sparling's motion to dismiss, is that Sparling, during the relevant time period, acted as an agent on behalf of IBP, had a unity of interest with IBP, and therefore, could not have been a third party alleged to have tortiously interfered with M. Dreier's contractual relations. In response, M. Dreier states

that Sparling was a third party stranger to the employment agreement between M. Dreier and IBP and that Sparling's contentions that he was acting as an agent for IBP, rather than an independent contractor, are unsubstantiated. M. Dreier claims that there was never any corporate communication provided to him concerning Sparling's roles, responsibilities, or authority as they related to the IBP Knoxville Branch, to IBP management, or to M. Dreier as an IBP employee. M. Dreier states that Sparling's motion to dismiss implicitly asks the Court to consider factual allegations other than those in the complaint.

## II. Standard of Review

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires a court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of claims that would entitle him or her to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir. 1990) *cert. denied,* 498 U.S. 867 (1990). A court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). A court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or

inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

### III. Motion to Dismiss and Applicable Law

A party to a contract cannot be liable for tortiously interfering with its own contract. *See Purich v. Tennessee Technological University*, 76 F.3d 1414, 1420 (6th Cir. 1996); *Jenkins v. Gibbs*, No. E2001-01802-COA-R3-CV, 2002 WL 2029560, at * 7 (Tenn.Ct.App. Sept. 5, 2002). As to corporations, a corporation's agents and employees act on behalf of the corporation and generally cannot be liable for interference in the corporation's contracts if acting within the general range of his or her authority and his or her actions are substantially motivated by an intent to further the interests of the corporation. *See id.*; *Nelson v. Metric Realty*, NO. M2000-03204-COA-R3-CV, 2002 WL 31126649, at *13-14 (Tenn.Ct.App. Sept. 26, 2002). An agency relationship exists when the principal authorizes the agent to act for the principal's benefit while still retaining the right to control the agent's conduct. *Hussmann Refrigeration v. South Pittsburgh Assoc'n*, 697 S.W.2d 588, 592 (Tenn.Ct.App.1985).

The relationship between IBP and Sparling is vague, ill-defined, and undeveloped. The record does not reflect communications between IBP and M. Dreier or any information from IBP, through affidavits or otherwise, as to Sparling's' authority or role in handling the suspicions/allegations against M. Dreier. Sparling's dispositive motion is premature. Accordingly, the Court denies the motion to dismiss without prejudice subject to refiling

after the parties have developed the record.

## IV. CONCLUSION

For the reasons hereinabove set forth, counter-defendant's motion to dismiss [Doc. 62] is **DENIED without prejudice with right to refiling**.

**IT IS SO ORDERED.**

                                            **ENTER:**

                                            s/Thomas W. Phillips
                                            UNITED STATES DISTRICT JUDGE