**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION**

| | |
|---|---|
| **INSTALLED BUILDING PRODUCTS, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:06-cv-05 |
| ) | Phillips |
| **MICHAEL DREIER, ROBERT DREIER,** ) | |
| **LEONARD DREIER, III a/k/a BUTCH** ) | |
| **DREIER,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

The matter before the Court involves a dispute concerning an employment contract. The defendants previously filed a motion to dismiss for lack of subject matter jurisdiction [Doc. 84], stating that the plaintiff has not met the amount in controversy requirement. Thereafter, the Court denied defendants' motion as untimely, inviting the defendants to file a motion to continue, if needed. The defendants then filed the instant motion to reconsider [Doc. 95]. The plaintiff has responded, and the defendants have replied. For the reasons that follow, defendants' motion to reconsider [Doc. 95] is **DENIED**.

**I.     Facts**

Installed Building Product ("IBP") filed the instant lawsuit asserting various claims against former employees, Michael Dreier ("M. Dreier") and Robert Dreier ("R. Dreier"). As

1

to allegations of damages suffered, IBP stated in its complaint that "the value of the injunctive relief to IBP for the two year period, and the monetary damage IBP suffered, is well in excess of $75,000." In support of its damage calculation, plaintiff has offered the preliminary expert report of Paul Dopp, CPA, in which he opines that IBP has suffered monetary damages of at least $165,250. Further, IBP seeks to excuse its obligation to pay R. Dreier a payment of $60,000 due under R. Dreier's non-competition agreement. In addition, the plaintiff argues that defendants were also sued as co-conspirators under Tennessee's inducement to breach contract law, as codified at T.C.A. § 47-50-1-9, *et seq.*, which permits IBP to recover treble damages, which factors into the amount-in-controversy calculation.

Defendants have previously filed an untimely motion to dismiss for lack of subject matter jurisdiction asserting that the plaintiff has not met its amount-in-controversy requirement. Defendants attack the solidarity of plaintiff's damage estimations and basically state that under Ohio law the damage calculation is limited and lower than the requisite 75,000 amount-in-controversy.

## II. **Applicable law and analysis**

District courts have the inherent power to reconsider interlocutory orders and reopen any part of the case before entry of a final judgment. *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991); *see also Clark v. Traughber*, No. 04-1174-T/AN, 2006 WL 962602, at

*1 (W.D.Tenn. April 11, 2006). Until judgment is entered in the case, a court may "modify, or even rescind, such interlocutory orders." *Mallory*, 922 F.2d at 1282. As long as the district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient. *Leelanau Wine Cellars Ltd. v. Black & Red, Inc.*, 118 Fed.Appx. 942, 945 (6th Cir. 2004) (citations omitted).

Under 28 U.S.C. §1332, for actions based in diversity of citizenship, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000...." Where a plaintiff does not meet this amount in controversy requirement in an action brought under diversity jurisdiction, a district court will not have subject matter jurisdiction, and in such instances, a district court must dismiss the action. *See Wood v. Stark Tri-County Bldg. Trades Council*, 473 F.2d 272 (6th Cir. 1973).

The United States Supreme Court has explained that the rule governing dismissal for want of jurisdiction in cases brought in federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. *Id.* The Sixth Circuit thereafter has reiterated that the plaintiff's claim of damages does not require an absolute certainty of recovery; rather, it is sufficient if there is a probability that the value of the matter in controversy exceeds the jurisdictional amount. *See Worthams v. Atlanta Life Ins. Co.*, 533 F.2d 994, 997-98 (6th Cir. 1976). In

calculating the amount in controversy, compensatory and punitive damages claimed by a plaintiff are included, as are the statutory penalties. *Hahn v. Auto-Owners Ins. Group*, No. 3:04-cv-380, 2006 WL 2796479, at *1 (E.D.Tenn. Sept. 27, 2006) (internal citations omitted).

The Court finds that, in view of all damages that plaintiff has alleged, the plaintiff has sufficiently proven damages that meet or exceed the jurisdictional requirement, which in turn defeats defendants' motion to dismiss.

### III.    CONCLUSION

For the reasons hereinabove set forth, defendant's motion to reconsider [Doc. 95] is **DENIED**.

**IT IS SO ORDERED.**

                              **ENTER:**

                              s/Thomas W. Phillips
                              UNITED STATES DISTRICT JUDGE